# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY COLLINS, | No. 3:19-CV-00690 |
| Petitioner, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| THERESA DELBALSO, *et al.*, | |
| Respondents. | |

# ORDER

**MAY 19, 2021**

Johnny Collins, a Pennsylvania state prisoner, filed this 28 U.S.C. § 2254 petition seeking to vacate his convictions and sentence.[1] Collins raises several different claims that focus on allegations of ineffective assistance of counsel, ineffective assistance of appellate counsel, and trial court error.[2] On April 27, 2021, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court deny the petition, as Collins' claims are without merit.[3] No timely objections were filed to this Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[4] Regardless of whether timely

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 14.
[4] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

objections are made, district courts may accept, reject, or modify—in whole or in part—the findings or recommendations made by the magistrate judge.[5] After reviewing the record, the Court finds no error—clear or otherwise—in Magistrate Judge Carlson's conclusion that Collins' claims are without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 14) is **ADOPTED**;

2. Collins' 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED**;

3. The Court declines to issue certificate of appealability;[6] and

4. The Clerk of Court is directed to **CLOSE** this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[5] 28 U.S.C. § 636(b)(1); Local Rule 72.31.
[6] *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (setting forth legal standard).